consideration. I do not think that a case for an injunction has been made out.

Decree that the suit be dismissed, with costs.

---

ADRIANCE, PLATT & CO. v. McCORMICK HARVESTING MACH. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. May 25, 1893.)

No. 108.

1. PATENTS FOR INVENTIONS—INFRINGEMENT SUIT—PARTIES.

A licensee may prosecute in his own name suit for infringement of a patent where the defendant is the owner of the legal title to the patent. Littlefield v. Perry, 21 Wall. 205, cited.

2. CONTRACT—CONSTRUCTION—AMBIGUITY.

It is only a latent ambiguity that may be explained by evidence aliunde. Doubts apparent upon the face of an instrument must be resolved by the court, resorting, if necessary, to the rule that a grant expressed in doubtful words shall be construed most strongly against the grantor.

3. PATENTS FOR INVENTIONS—LICENSE FOR SALE IN FOREIGN COUNTRIES.

In addition to the grant of an exclusive license to manufacture and sell in certain parts of the United States, a license contained the following clause: "And, so far as we can control the same, the exclusive right to build harvesters and binders under the rights herein granted, for sale in Europe, Australia, and South America." *Held* that, fairly and reasonably construed, this language conferred upon the licensee an exclusive right to manufacture within the United States for sale in the foreign countries named, and hence that an injunction should issue against the parties manufacturing in the United States outside the territorial limits covered by the license to restrain them from manufacturing for such foreign trade.

4. INJUNCTIONS ORDERED.

In this case the court finds that complainant is entitled to a preliminary injunction to restrain infringement of 16 patents issued to James R. Severance for improvements in harvesters and binders. 55 Fed. Rep. 288, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

In Equity. Bill by Adriance, Platt & Co. against the McCormick Harvesting Machine Company and Cyrus H. McCormick for infringement of certain patents. A temporary injunction was granted. Defendants appeal. Affirmed.

Robert H. Parkinson, for appellants.

Banning & Banning & Payson, for appellee.

Before JENKINS, Circuit Judge, and BAKER and BUNN, District Judges.

PER CURIAM. The decree of the circuit court is affirmed for the reasons stated in the opinion of the court below, reported in 55 Fed. Rep. 288.